UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:18-CR-80 JD |
| YVONNA A. LEE | |

**OPINION AND ORDER**

On December 5, 2023, defendant Yvonna Lee moved, through counsel, to reduce her sentence pursuant to the retroactive components of Amendment 821 to the United States Sentencing Guidelines. (DE 302.) Pursuant to General Order 2023-32 of this District, the United States Probation Office filed an addendum to the Presentence Investigation Report reflecting that Ms. Lee is eligible for relief under the Amendment. This Addendum was provided to defendant's counsel and counsel for the Government.

**A. Background**

The Court previously sentenced Ms. Lee to a total sentence of 28 months of imprisonment, four months on Count 3 (wire fraud) and a consecutive twenty-four months on Count 12 (aggravated identity theft) to be followed by one year of supervised release.[1] The Court granted two downward variations from the proposed offense level of eighteen reflected in the PSR. (DE 136 at 16.) The Court first granted a three-level reduction pursuant to the Government's motion under U.S.S.G. § 5K1.1 in light of Ms. Lee's substantial assistance. (DE 234 at 12.) The Court then granted an additional six-level reduction in consideration of the 18

---

[1] The remaining counts of the indictment were dismissed pursuant to a motion from the Government.

U.S.C. § 3553(a) factors. (*Id.* at 37.) These variations resulted in a total offense level of nine. Coupled with Defendant's zero criminal history points, this resulted in a Guideline recommended sentencing range of four to ten months imprisonment on Count 3. Per statute, Ms. Lee's sentence on Count 12 was a mandatory minimum of twenty-four months to run consecutively to any other count.

### B. Legal Authority

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to her sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *Dillon v. United States*, 560 U.S. 817 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of a reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step the Court considers any applicable § 3553(a) factors and determines whether, in the court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.*

### C. Discussion

The parties have now filed a joint statement in support of the motion recommending that Defendant's sentence on Count 3 be amended to a term of imprisonment of "zero months or time

served, whichever is greater" while leaving intact other provisions of the original sentence including the twenty-four-month consecutive sentence on Count 12.[2] (DE 306.)

This recommendation is based on Ms. Lee's zero criminal history points at the time of sentencing, which makes her eligible for the Zero Point Offender adjustment of the Guidelines. U.S.S.G. § 4C1.1. The effect of the adjustment would be to reduce her offense level by two, from fifteen to a level of thirteen.[3] This would result in a new Guidelines range of twelve to eighteen months of imprisonment. The parties' joint statement further recommends the Court also grant a downward departure, comparable to the one originally granted, in order to place Ms. Lee in a sentencing range of zero to six months and sentence her at the low end of that range.

As to the step one analysis, the Court agrees with the parties that Ms. Lee is eligible for resentencing as her original Guideline range was reduced by a subsequent act of the Sentencing Commission. That said, courts are generally prohibited from amending a sentence, in light of a retroactive Amendment, to be lower than the revised Guidelines range. U.S.S.G. § 1B1.10. However, there is an exception in cases where the Court originally granted a downward departure in part based on a motion filed by the Government under § 5K1.1. *Id.* at n.3. Such a prior departure allows the resentencing Court to grant a reduction which is comparable to the original reduction. *United States v. Guerrero*, 946 F.3d 983, 988–89 (7th Cir. 2020) (a district court may impose a new sentence "comparably below" the revised Guideline range when there

---

[2] The Court is unclear on the phrasing of this request. It is hard to conceive circumstances where zero is a greater amount than time served. Time served requires some amount of time, while zero is no time at all. The Court appreciates the parties might be seeking to avoid an issue with U.S.SG. § 1B1.10(b)(2)(C), which precludes reduction of a sentence to less than time already served, but is unsure this particular phrasing is the best route. In light of all this, and the fact Ms. Lee has been in custody since December 2022 (DE 280), the Court will construe the joint statement as a request for time served.

[3] The base offense level of fifteen the parties refer to in their motion incorporates the Court's prior three-point downward departure for substantial assistance, but not the Court's six-level downward departure based on the § 3553(a) factors. (*See* DE 306 at 2.)

3

was a prior departure, at least in part, for substantial assistance). As the Government filed a motion pursuant to § 5K1.1 in this case, and the Court granted a downward departure in part based on that motion, Ms. Lee qualifies for the exception to § 1B1.10 and is eligible for a commensurate downward departure upon resentencing.

Turning to the step two analysis, the Court finds that the parties' recommendation is appropriate under the circumstances of the case. The Court finds that its § 3553(a) factor analysis at the prior sentencing, including her difficult childhood and the hardship imprisonment would impose on her family, remains useful and continues to weigh in favor of a reduction (*See* DE 234 at 37 (summarizing holding).) The Court likewise finds that Ms. Lee's post incarceration conduct weighs in favor of a reduction. Ms. Lee has no disciplinary record in the BOP, has earned her GED, and completed several other courses. (DE 305 at 2–3.)

Consequently, upon resentencing the Court would grant Ms. Lee a further six-level downward departure, taking her from level thirteen to level seven. This revised sentence is "comparably below" the revised Guideline range as relative to her original sentence's departure from the original range. *Guerrero*, 946 F.3d at 989. An offense level of seven combined with her Criminal History Category of I results in a Guideline range of zero to six months of imprisonment. Within this revised Guideline range the Court will amend her sentence on Count 3 to be time served.

### C. Conclusion

Accordingly, the Court ORDERS that Ms. Lee's sentence on Count 3 of the indictment be AMENDED to a sentence of time served. The Court FURTHER ORDERS this amendment to take effect on February 1, 2024.

SO ORDERED.

ENTERED: January 22, 2024

                                                  /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court